UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY WILLIAMSON,

    Plaintiff,                              CIVIL ACTION NO. 13-11066

    v.                                    DISTRICT JUDGE THOMAS L. LUDINGTON

                                                MAGISTRATE JUDGE MARK A. RANDON

RANDALL HAAS, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION TO DENY IN PART PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 23)**

**I.    INTRODUCTION**

This is a *pro se* prisoner civil rights case. Plaintiff Rodney Williamson sued Randall Haas, Joe Scott, Todd Vonhiltmayer, Meaghan Walters, and Mary Lou Kraft for: (1) placing him in Administrative Segregation at the Macomb Correctional Facility ("MRF") without due process; (2) transferring him from MRF to the Chippewa Correctional Facility in retaliation for filing grievances; and, (3) denying him a therapeutic diabetic diet. Only Defendants Haas, Kraft, and Vonhiltmayer remain (Dkt. No. 25).[1]

Before the Court is Williamson's motion for an emergency preliminary injunction and temporary restraining order (Dkt. No. 23). Defendants responded (Dkt. No. 30); the Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

Subject to the district judge's ruling on Williamson's objections, this Magistrate Judge

---

[1] After the district judge adopted this Magistrate Judge's Report and Recommendation (Dkt. No. 25), Williamson filed objections to the recommendation (Dkt. No. 27). The district judge has not ruled on the objections.

1

**RECOMMENDS** that Williamson's motion be **DENIED IN PART**.

**II.      STANDARD OF REIVEW**

In determining whether to issue a preliminary injunction, a court must balance the following four factors:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Rock & Roll Hall of Fame Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998) (citation omitted).  "A district court is required to make specific findings concerning each of the four factors, unless fewer factors are dispositive of the issue." *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997).

Because a preliminary injunction is an extraordinary remedy, "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion[.]" *Leary* v. *Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). This burden is even harder to satisfy when, as here, plaintiff seeks affirmative relief instead of simply maintaining the status quo. *Rhinehart v. Scutt*, No. 10-10006, 2010 WL 3701788, at *4 (E.D. Mich. Aug. 16, 2010).

**III.     ANALYSIS**

    *A.     Therapeutic Diabetic Diet*

The Court previously dismissed Williamson's claim that Walters was deliberately indifferent to his serious medical needs by denying him a therapeutic diabetic diet (Dkt. Nos. 22, 25).  Accordingly, Williamson cannot show a strong likelihood of success on the merits, and his

request for a therapeutic diabetic diet should be denied.  *See Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000) ("[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal").

      *B.*      *Medical Shoes and Eye Examination*

Williamson also seeks an order requiring: (1) non-party health service worker PA Michael P. Millette to provide him with a pair of medical shoes; and, (2) frequent eye examinations by an optometrist.  This Magistrate Judge finds these requests should likewise be denied.  They are unrelated to the claims raised in Williamson's Complaint, and therefore, Williamson cannot show a strong likelihood of success on the merits.  *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945):

> A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.  The injunction in question is not of this character.  It is not an injunction in the cause, and it deals with a matter lying wholly outside the issues in the suit.

      *C.*      *Educational Programs Regarding Diabetes Management*

Finally, Williamson seeks an order requiring his enrollment in educational programs regarding diabetes management.  Defendants' response does not address this portion of Williamson's motion.  Because this request may have some merit, and this Magistrate Judge finds a response would be helpful in making a recommendation.  Therefore, Defendants have until **February 28, 2014** to file a supplemental response.

## IV.     CONCLUSION

Subject to the district judge's ruling on Williamson's objections, this Magistrate Judge **RECOMMENDS** that Williamson's motion be **DENIED IN PART**.  Specifically, Williamson's request for a therapeutic diabetic diet, medical shoes, and eye examinations should be **DENIED**. Williamson's request for enrollment in educational programs should be **HELD IN ABEYANCE** pending Defendants' response.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office.  *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  *See* E.D. Mich. LR 72.1(d)(3), (4).

                s/Mark A. Randon
                MARK A. RANDON
                UNITED STATES MAGISTRATE JUDGE

Dated: February 12, 2014

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, February 12, 2014, by electronic and/or first class U.S. mail.*

                *s/Eddrey Butts*
                *Case Manager to Magistrate Judge Mark A. Randon*