UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY WILLIAMSON,

                Plaintiff,                    No. 13-11066

v.                                    District Judge Thomas L. Ludington
                                    Magistrate Judge R. Steven Whalen

DEPUTY WARDEN RONDALL HASS,
ET AL.,

                Defendants.

_____ /

**ORDER**

       Plaintiff, a *pro se* prison inmate in this civil rights action brought under 42 U.S.C.

§1983, has filed a motion to compel discovery [Doc. #60]. This motion is GRANTED IN

PART AND DENIED IN PART, as follows:

1.  Request for Production #1

       Plaintiff's request for "any and all grievances, complaints, or other documents"

pertaining to grievances or complaints filed by Defendants Haas, Kraft, and

VonHiltmayer from 2004 to the present is overly broad, burdensome, and, at best,

marginally relevant. Many inmates file grievances against many Corrections Officers, and

the volume of such material going back 10 years would be burdensome to produce.

Moreover, the mere filing of a grievance against one of these Defendants is not likely to

lead to the discovery of relevant evidence. A more narrowly tailored request for

disciplinary actions against a defendant based on retaliation against an inmate would be

better focused on the issues in this case. Such a request, however, is not before the Court.

Accordingly, the motion is DENIED as to Request for Production #1.

2.  Request for Production #8

Here, Plaintiff requests a "list of Level II MDOC facilities south of the Mackinaw (sic) Bridge." Defendants object based on lack of relevance and the theory that such information is available on the State of Michigan website.

While Defendants are correct that an inmate has no basic right to be housed in any particular institution, a transfer to an institution that entails foreseeable, negative consequences can be relevant to a retaliation claim. *Siggers-El v. Barlow*, 412 F.3d 693 (6th Cir 2005). The availability of Level II facilities in the lower peninsula of Michigan could lead to the discovery of evidence relevant to the question of whether Plaintiff's transfer was retaliatory. Moreover, while such information might be publically available to a person in free society, the Court is mindful of the limitations placed on incarcerated individuals, and the burden on Defendants of providing this material is minimal. Therefore, the motion is GRANTED as to Request for Production #8.

3.  Request for Production #13

Plaintiff requests an MDOC memo dated August 25, 2006 warning prison officials not to retaliate against prisoners for filing lawsuits and grievances.  Notwithstanding Defendants' argument that knowledge of a clearly established law "is a purely legal question under a qualified immunity defense...," Plaintiff would have the right and opportunity to question the Defendants (through interrogatories or otherwise) about their knowledge of and reaction to this memo. The motion is GRANTED as to Request for Production #13.  However, the Defendants may redact any information in the memo that would present a security concern if disclosed.

4.  Request for Production #14

Defendants state that they are not opposed to providing redacted transfer orders

-2-

submitted on Plaintiff's behalf.  The motion is GRANTED as to Request for Production #14.  The transfer orders may be redacted as to information that could identify Special Problem Offender Notices that are in Plaintiff's file and are kept confidential by the Michigan Department of Corrections.

### Plaintiff's January 9, 2014 Discovery Requests

1.  Request for Production #1

Plaintiff requests his institutional file. Defendants respond that Plaintiff has been provided with many of the documents in his file, including work performance evaluations and misconduct reports.  Plaintiff has not adequately explained why his entire file, which would likely contain at least some material not subject to disclosure, would be relevant to his claims in this case.  The motion is DENIED as to this request.

2. Request for Production #4

Plaintiff seeks a number of non-exempt MDOC policy directives and operating procedures. Those are available in the prison law library. The motion is DENIED as to this request.

3.  Requests for Production #s 2, 3, 5, 6, and 9

Defendants have provided the requested documents to Plaintiff in Exhibit C to their response to this motion [Doc. #63]. The motion is therefore DENIED AS MOOT as to these requests.

IT IS THEREFORE ORDERED that Plaintiff's motion to compel discovery [Doc. #60] is GRANTED IN PART AND DENIED IN PART, as set forth herein.

IT IS FURTHER ORDERED that all discovery ordered herein shall be produced within 21 days of the date of this Order.


Dated: April 24, 2014                    s/R. Steven Whalen
                                         R. STEVEN WHALEN
                                         UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing Order was sent to parties of record on April 24, 2014, electronically and/or by U.S. Mail.

                                         s/Michael Williams
                                         Case Manager for the
                                         Honorable R. Steven Whalen

-4-