UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY WILLIAMSON,

       Plaintiff,                        No. 13-11066

v.                                         District Judge Thomas L. Ludington
                                             Magistrate Judge R. Steven Whalen

DEPUTY WARDEN RONDALL HASS,
ET AL.,

       Defendants.
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a *pro se* prison inmate in this civil rights action brought under 42 U.S.C. §1983, has filed a motion for preliminary injunction and temporary restraining order ("TRO") [Docket #23]. On February 12, 2014, Magistrate Judge Mark A. Randon filed a Report and Recommendation ("R&R"), recommending that the motion be denied in part, and taken under advisement regarding Plaintiff's request for enrollment in a diabetes education program [Doc. #50]. Judge Randon ordered supplemental briefing on this issue. The Defendants filed a supplemental brief on February 28, 2014 [Doc. #55]. Plaintiff has not responded to the supplemental brief. For the reasons discussed below, I recommend that Plaintiff's motion [Doc. #23] be DENIED.

### I.   STANDARD OF REVIEW

Generally, in determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause

substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet , supra,* at 573. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

## II. DISCUSSION

In his motion, Plaintiff, who suffers from diabetes, alleges that he has been denied "nutritional education," and that his facility does not offer the diabetes management

classes that were ordered by his physician. He seeks an order to provide him "with educational programs regarding diabetes management and control, which was ordered but never completed."

The affidavit of Kelly Wellman, a Registered Dietician employed by the Michigan Department of Corrections, is attached to Defendants' supplemental brief [Doc. #55], and tells a very different story. Ms. Wellman reviewed Plaintiff's medical records,[1] which show that Plaintiff was provided Diabetes Self-Management Training on July 20, July 22, and July 30, 2010. On August 20, 2010, Plaintiff was a "no show" for an appointment for Nutritional Therapy, Reassessment. *Wellman Affidavit*, ¶ 4. In 2011, Plaintiff received additional individual diabetes education on July 27, August 9, and August 26. However, he was asked to leave health care for the August 26th class because of his behavior. In response to a February 14, 2012 request, the Dietician informed Plaintiff that he could "re-kite" for a diabetes education class "if he was now ready to learn." Ms. Wellman states that "[t]here is no record that Plaintiff kited health care to resume education classes." *Id*. ¶ 5.

Contrary to Plaintiff's allegation that diabetes education classes are not available, Ms. Wellman states that "MDOC Health Care provides both individualized diabetic education training, which Plaintiff received, as well as group classes." She further states that "education materials are available through the health care department for inmates, and inmates may kite the dietician any time that they have questions about diabetes." *Id*. ¶ 7.

The Plaintiff has offered nothing to rebut Ms. Wellman's affidavit. He has

---

[1] Plaintiff's medical records have been filed under seal as Exhibit B of Defendants' Supplemental Brief.

received education as to diabetes control, and further information and classes are available to him for the asking.  To the extent that he seeks a more specific directive from this Court, or wants the Court to order the MDOC to keep him in a class even if he is disruptive, I simply note that Departments of Corrections are accorded considerable latitude in the administration of state prisons.  In *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 227, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977), the Supreme Court discussed the balancing of constitutional rights afforded prisoners against the deference that prison officials must be given in the efficient management of prisons: "Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators."

Not only has Plaintiff failed to show a likelihood of success on the merits of his claim that he is not being provided with diabetes education, but he has not shown irreparable harm, since classes and counseling are readily available to him.  He has thus failed to sustain his heavy burden of showing entitlement to injunctive relief, and his motion should be denied.

### III.   CONCLUSION

For these reasons, I recommend that Plaintiff's motion for preliminary injunction and temporary restraining order [Docket #23] be DENIED.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638

F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: April 25, 2014                        s/ R. Steven Whalen
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 25, 2014, electronically and/or by U.S. Mail.

                                                s/Michael Williams
                                                Case Manager for the
                                                Honorable R. Steven Whalen