UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY WILLIAMSON,

        Plaintiff,                    Civil Case No. 13-11066
                                                    Honorable Linda V. Parker

v.

RONDALD HASS et al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 70.)

This is a pro se prisoner civil rights case. Presently before the Court is Plaintiff, Rodney Williamson's motion for reconsideration, brought pursuant to Local Rule 7.1(h). For reasons below, the motion is **DENIED**.

### Factual Background

On October 3, 2013, Williamson filed a motion for an emergency preliminary injunction and temporary restraining order. (ECF No. 23.) February 12, 2014, Magistrate Judge Mark A. Randon recommended that Williamson's motion be denied in part. (ECF No. 50.) Specifically, Magistrate Judge Randon recommended that Williamson's request for a therapeutic diabetic diet, medical shoes, and eye examinations should be denied. (*Id.* at 4.) Regarding Williamson's request for enrollment in education programs, Magistrate Judge Randon found that

1

this request might have some merit, and accordingly requested that Defendants Ronald Hass, Marylou Kraft, and Todd Vonhiltmayer (collectively "Defendants") submit a supplemental response by February 28, 2014. (*Id.*) Magistrate Judge Randon recommended that the case be held in abeyance pending Defendants' response. The recommendation was adopted by District Judge Thomas L. Ludington on March 10, 2014. (ECF No. 59.) Defendants submitted their supplemental brief February 28, 2014. (ECF No. 55.) Williamson did not respond to the supplemental brief. On April 8, 2014, the case was reassigned from Magistrate Judge Mark A. Randon to Magistrate Judge R. Steven Whalen pursuant to Administrative Order 14-AO-009. On April 25, 2014, Magistrate Judge Whalen issued a report recommending that Williamson's request for educational programs be denied. (ECF No. 67.) In making his recommendation, Magistrate Judge Whalen considered the affidavit of Kelly Wellman (the "Wellman affidavit"), a Registered Dietician employed by the Department of Corrections. (*Id.* at 3.) The affidavit was attached to Defendants' supplemental brief as an exhibit. (ECF No. 55-2. Ex. A.) According to the Wellman affidavit, Williamson had received Diabetes Self-Management Training on July 20, 2010; July 22, 2010; July 30; 2010; and additional training on July 27, 2011; August 9, 2011; and August 26, 2011. (*Id.*at 3.) Magistrate Judge Whalen resolved that because Williamson "offered nothing to rebut [the Wellman] affidavit," having failed to submit a

response to Defendants' supplemental brief, "Williamson had received education as to diabetes control, and further information and classes are available to him for the asking." (ECF No. 67 at 3–4.) Accordingly, Magistrate Judge Whalen recommended denying Williamson's motion for a preliminary injunction and temporary restraining order. (*Id.* at 4.) District Judge Ludington adopted Magistrate Judge Whalen's recommendation May 14, 2014. (ECF No. 68.)

Shortly thereafter, on May 28, 2014, Williamson filed this motion for reconsideration. (ECF No. 70.) Williamson asserted: (1) that Magistrate Judge Whalen issued his recommendation April 25, 2014, and further instructed that any objections to the recommendation had to be filed within 14 days of service; (2) that Magistrate Judge Whalen's Recommendation is postmark dated April 30, 2013; (3) that the recommendation did not reach Williamson at Chippewa Correctional Facility until May 5, 2014; (4) that the date of service was consequentially May 5, 2014; (5) that Williamson therefore had until May 18, 2014 to object; (6) that thus, District Judge Ludington's May 14, 2014 order adopting Magistrate Judge Whalen's recommendation was premature; (7) that Williamson had less than 14 days to object to Magistrate Judge Whalen's recommendation, and that this was a palpable defect; (8) and that should said palpable defect be corrected, a different disposition would result because Williamson would have objected to the "sham

3

and fraudulent affidavit from Registered Dietitian Kelly Wellman," submitted by Defendants' in their supplemental brief. (ECF No. 70 at 1–5.)

## Applicable Standards

Pursuant to Local Rule 7, "[t]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The movant must "demonstrate a palpable defect by which the court and the parties… have been misled" *and* "show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F. Supp. 2d 609, 618 (E.D. Mich. 2008).

## Discussion

Williamson has failed to demonstrate a palpable defect to the Court. Williamson asserts that the fact that he was given less than 14 days to object to the recommendation was a palpable defect. (ECF No. 70 at 3.) He asserts that this constitutes a palpable defect because had he been given 14 days to file an objection to the recommendation, he would have objected to the dietician's "fraudulent affidavit," and that this objection would have resulted in a different disposition of the case. This alleged palpable defect is not obvious and clear, as required by the Sixth Circuit. In his motion, Williamson fails to explain how the Wellman affidavit

4

is "fraudulent" or a "sham." His assertions are conclusory, given that he fails to demonstrate how the Court has been misled, and he has not shown how correcting the alleged defect would result in a different disposition of the case.

Further, Williamson had ample time to respond to the affidavit at issue. With respect to Williamson's request for educational programs, Magistrate Judge Randon requested supplemental briefing. (ECF No. 50 at 4.) Defendants' submitted with their supplemental brief the Wellman affidavit, explaining that Williamson had been provided with several opportunities for diabetes education – in direct contradiction to Williamson's assertions. (ECF No. 55-2, Ex. A. at 3.) Defendant filed its supplemental brief February 28, 2014, after which Magistrate Judge Whalen did not issue his recommendation rejecting Williamson's request for educational programs until April 25, 2014. Thus, Williamson cannot now assert that because he was not allotted 14 days to object to the recommendation and refute the affidavit, he suffered a palpable defect that prejudiced him, given that Williamson had 55 days prior to the filing of Magistrate Judge Whalen's recommendation – approximately two months – to rebut the Wellman affidavit.

Additionally, Williamson could have filed for an extension of time to respond to Magistrate Judge Whalen's recommendation, upon receipt of Magistrate Judge Whalen's recommendation, if he believed that he did not have enough time to object to Magistrate Judge Whalen's recommendation.

5

Accordingly, for the foregoing reasons, Williamson's motion for reconsideration is **DENIED**.

**SO ORDERED**.

                                        s/ Linda V. Parker
                                        LINDA V. PARKER
                                        U.S. DISTRICT JUDGE

Dated: November 18, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 18, 2014, by electronic and/or U.S. First Class mail.

                                        s/ Richard Loury
                                        Case Manager