UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY WILLIAMSON,

        Plaintiff,                  Civil Case No. 13-11066
                                              Honorable Linda V. Parker

v.

RONDALD HASS et al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 71.)

This is a pro se prisoner civil rights case. Presently before the Court is Plaintiff, Rodney Williamson's motion for relief from judgment, pursuant to Federal Rules of Civil Procedure 60 (b)(2), (c)(1), and (d)(1). For reasons below, the motion is **DENIED**.

### Background

On March 8, 2013, Plaintiff, Rodney Williamson, sued defendants Randall Hass, Joe Scott, Todd Vonhiltmayer, Meaghan Walters, and Mary Lou Kraft for (1) placing him in Administrative Segregation ("ADSEG") at the Macomb Correctional Facility ("MRF") without due process; (2) transferring him from MRF to the Chippewa Correctional Facility ("URF") in retaliation for filing grievances; and, (3) denying him a therapeutic diabetic diet. (Pl.'s Compl. 1–15.)

1

Subsequently, on August 9, 2013, Hass, Scott, Vonhiltmayer and Walters filed a motion to dismiss or alternatively, for summary judgment. (ECF No. 16.) About one month later, on September 4, 2013, Kraft filed a motion to dismiss. (ECF No. 20.) On October 10, 2013, Judge Thomas L. Ludington issued an order granting in part and denying in part Kraft's motion to dismiss and Defendants Hass, Scott, Vonhiltmayer, and Walters's motion to dismiss or, alternatively, for summary judgment. (ECF No. 25.) Williamson's conspiracy claim was dismissed with prejudice. (*Id.*) Thereafter, on May 28, 2014, Williamson filed this motion for relief from judgment. (ECF No. 71.)

## **Applicable Law and Analysis**

In his complaint, Williamson asserts that Defendants Joe Scott, Mary Lou Kraft, and Warden Randall Hass conspired to increase his security level from II to IV, without justification, notice, or an opportunity to be heard, and based on their submission of a false and misleading transfer order. (Compl. at 5–6.) Williamson also alleges that Defendants Warden Hass and Todd Vonhiltmayer conspired to transfer him from Macomb Correctional Facility (MRF) to the Chippewa Correctional Facility (URF). *Id.* In Williamson's motion for relief from judgment, he asserts that the email correspondence he has attached as an exhibit to his motion warrants relief from judgment. He explains that the emails are "from Defendant Vonhiltmayer to Bernard G. Scott, MDOC CFA, requesting that plaintiff's

2

(ADSEG) status continue and/or placement in a single man cell, per the MRF (SCC) committee Kraft, Scott and Hass." (Pl.'s Mot. 5.) Williamson argues that the "email demonstrates: (1) that a single plan existed; (2) the alleged co-conspirators shared in the general [conspiracy] objectives; and (3) an overt act was committed in furtherance of the conspiracy." (*Id.*)

Relief from a judgment or order on the grounds of newly discovered evidence may be obtained by motion under Federal Rule of Civil Procedure 60(b)(2) or by independent action under Rule 60(d)(1). On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding on the grounds of newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b). Fed. R. Civ. P. 60(b)(2). In order to prevail on a Rule 60(b)(2) motion, the movant must demonstrate that: 1) he exercised due diligence in obtaining the information; and 2) the evidence is material and clearly would have produced a different result if presented before the original judgment. *McFall v. Patton*, 238 F.3d 422 (6th Cir. 2000) (citing *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir.1998)). A motion under Rule 60(b)(2) must be made within a reasonable time no more than a year after the entry of judgment or order or the date of the proceeding. Fed. R. Civ. P 60(c)(1).

Although Williamson's motion is timely, he does not present any new evidence that justifies the granting of Rule 60(b)(2) relief. The email correspondence upon which Williamson relies on as the basis for his motion for relief from judgment fails to clearly demonstrate that it would have produced a different result if presented before the original judgment. The email correspondence shows only that Bernard G. Scott declined to support the transfer of Williamson to ADSEG, or the classification of a single cell to Williamson for security needs, because the sexual assault at issue occurred seven years prior to the transfer request. (Pl.'s Mot. 13–14.) Williamson's assertion that the email demonstrates that a single plan existed, that the alleged co-conspirators shared in the general conspiracy objectives, and that an overt act was committed in furtherance of the conspiracy, is conclusory and does not describe some meeting of the minds. Williamson fails demonstrate some evidence of coordinated actions between the alleged conspirators, as required under § 1983. *See Collyer v. Darling*, 98 F.3d 211, 229 (6th Cir. 1996).

Williamson also seeks relief from judgment by way of an independent action, pursuant to Federal Rule of Civil Procedure 60(d)(1). Rule 60 of the Federal Rules of Civil Procedure provides for "Relief from a Judgment or Order" by motion (Part (b)) or by independent action (Part (d)). *Mitchell v. Rees*, 651 F.3d 593, 594–95 (6th Cir. 2011). Part (d) is commonly referred to as Rule 60's "savings clause" and

states: "This rule does not limit a court's power to entertain an independent action to relieve a party from a judgment, order, or proceeding...." *Id.* at 595 (citing Fed. R. Civ. P. 60(d)(1)). Such actions arise infrequently, given that "an independent action is 'available only to prevent a grave miscarriage of justice,'" *Id.* (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)), and "when enforcement of the judgment is 'manifestly unconscionable.'" *Id.* (quoting *Pickford v. Talbott*, 225 U.S. 651 (1912)). A grave miscarriage of justice is a stringent and demanding standard. *Id.* (citation omitted). The email correspondence submitted to the Court by Williamson does not demonstrate a grave miscarriage of justice, nor does it demonstrate that enforcement of the judgment is manifestly unconscionable. The email correspondence merely shows that Bernard G. Scott declined to support the transfer of Williamson to ADSEG. Accordingly, Williamson's motion for relief from judgment pursuant to Rule 60(b)(2), (c)(1), and (d)(1) is **DENIED**.

    **SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 18, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 18, 2014, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager